**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **1:06-CR-043-01T**

**FRANKLIN LORA**

**Defendant's Objection to Pre-Sentencing Report**

The Defendant objects to the probation officer's determination of the guideline range and the Defendant's criminal history category. The Defendant should be classified as a category II for criminal history points because the Defendant was given two points for a single sentence of 58 months received on 2 separate cases. Furthermore, the Defendant's offense level should be reduced to a 13 because he was improperly denied a decrease in offense level for Acceptance of Responsibility under Federal Sentencing Guideline §3E1.1. The Defendant requests that his points be reduced to the proper level set forth in the guidelines with the Acceptance of Responsibility.

The Federal Sentencing Guidelines set out the computation of offense level points when computing a Defendant's criminal history. Section §4A1.2(a)(2) states the "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for the purpose of §4A1.1(a),(b),(c)." Here, the Defendant has four criminal history points pertaining to his criminal history. However, two of the criminal history points pertain to related cases and should only be treated as one sentence for the purpose of calculating criminal history points.

In number twenty-seven of the pre-sentencing report, the defendant is given one criminal history point for case number 9351CR2066, where the Defendant received a suspended sentence

and one year probation. The Defendant is then given another criminal history point in number thirty of the Pre-Sentencing Report for violation of the probation pertaining to case number 9351CR2066. These two cases are related and should be counted together when calculating criminal history points. As a result, the Defendant should have only three criminal history points establishing a decreased Criminal History Category of II.

The defendant should also receive a downward adjustment of his offense level for Acceptance of Responsibility. The Federal Sentencing Guidelines §3E1.1 states that "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by two levels." Furthermore, if the offense level is 16 or greater, the defendant may receive a third point for Acceptance of Responsibility. See Federal Sentencing Guidelines §3E1.1(b). Commentary Note 4 states that "Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments can be made under both §3C1.1. and §3E1.1." Federal Courts have allowed for simultaneous adjustments when there are extraordinary circumstances. See United States v. Hopper, 27 F.3d 378 (9th Cir. 1994). However, the Federal Courts have also refused to grant simultaneous adjustments under §3C1.1 and §3E1.1 when no extraordinary circumstances existed. See United States v. Young, 315 F.3d 911 (8th Cir. 2003); see also United States v. Honken, 184 F.3d 961 (8th Cir. 1998); see also United States v. Hawley, 93 F.3d 682 (10th Cir. 1996). Here, the Defendant received an increase in offense level for obstruction of justice under §3C1.1, however, the circumstances pertaining to the obstruction of justice render the Defendant's case extraordinary.

When determining whether a case is extraordinary, the totality of the circumstances must be considered. Honken, 184 F.3d at 968. "The relevant inquiry for determining if a case is an extraordinary case within the meaning of Application Note 4 is whether the defendant's obstructive conduct is not inconsistent with the defendant's acceptance of responsibility. Hopper, 27 F.3d at 383. As long as the defendant's acceptance of responsibility is not contradicted by an ongoing attempt to obstruct justice, the case is an extraordinary case. Id. Here, the Defendant plead guilty prior to going to Florida. No court dates were missed and the sentencing was never delayed. As a result, there was no ongoing attempt by the Defendant to obstruct justice. The Defendant's Acceptance of Responsibility is distinct from the Defendant's act of fleeing to Florida. As a result, the defendant should receive the three point decrease in offense level for acceptance of responsibility making his offense level a 13.

Respectfully submitted,

/s/
Richard K. Corley, Esq. (#2965)
CORLEY TAVERAS LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903
401-861-2100 Tel
401-861-2139 Fax

**CERTIFICATION**

I Richard K. Corley hereby certify that a true copy of the Defendant's Objection to the Pre-Sentencing Report was sent by electronic notice to AUSA Andrew Reich and Brian Pletcher of Federal Probation on this 17th Day of October 2006.

/s/
Richard K. Corley